**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

JEREMY COLTON LIGHT,

      Plaintiff,

v.                                 Case No. 2:23-cv-00720

ST. ALBANS POLICE DEPARTMENT, *et al.*,

      Defendants.

**<u>ORDER</u>**

Pending before the court is Plaintiff's Motion to Compel (ECF No. 70).  In pertinent part, Plaintiff contends that "the defense has been either evasive or provided an incomplete disclosure," "objected to multiple requests," and "failed to provide a supplemental response to multiple questions." (*Id.* at 1).  However, Plaintiff's motion did not identify specific responses that he believed to be deficient.  Nonetheless, as exhibits to his motion, he attached Defendants' certificates of service for the "St. Albans Police Department's Second Supplemental Response to Plaintiff's Second Set of Interrogatories and Requests for Production" and the "St. Albans Police Department's Supplemental Response to Plaintiff's Third Set of Requests for Production to St. Albans Police Department." (*Id.*, Ex. 1).

Defendants responded to the motion to compel setting forth in detail the extensive procedural history of the discovery process in this matter and addressing, to the extent possible, the alleged deficiencies asserted by Plaintiff, but asserting that they were

"unsure as to what information Plaintiff seeks to compel."  (ECF No. 74).[1]  Plaintiff subsequently filed a reply brief in which he pinpointed requests number 1-7 in Plaintiff's Third Set of Requests for Production of Documents to the St. Albans Police Department ("SAPD") and interrogatory number 4 in his Second Set of Interrogatories to the SAPD as being the discovery responses that are in dispute.  (ECF No. 77 at 2).  He further asserts that, in the Supplemental Response to the Third Requests for Production of Documents, the defense failed to respond to requests number 3 and 7. (*Id.*)  Upon review of these requests and responses, it appears that Plaintiff is seeking information about complaints and investigative files concerning complaints filed on all SAPD officers beginning three years before the subject incident on December 18, 2021.  In certain requests Plaintiff specifies that he is seeking such information about "complaints of excessive force, untruthfulness, violation [of] or conspiracy to violate civil rights, violation of state law, failure to properly train/supervise/ discipline, etc. or any other materials relevant to this current civil action I have failed to currently mention."

Due to the vague nature of Plaintiff's motion, during the September 23rd motions hearing, the undersigned asked Plaintiff to clarify the specific information he was still seeking.  Plaintiff indicated that he was seeking investigative or disciplinary files concerning any civilian complaints filed against St. Albans police officers (including non-defendants).  As noted above, his written discovery requests indicate that he is seeking this information going back three years prior to the incident involving Plaintiff on December 18, 2021.  Relying on *Spell v. McDaniel*, 591 F. Supp. 1090 (E.D.N.C. 1984), Plaintiff argued that the evidence of similar incidents or misconduct would be relevant to

---

[1] A hearing on all pending motions was held before the undersigned on September 23, 2024.  In preparation for the hearing, defense counsel was asked to e-mail all its discovery responses to chambers for the undersigned's review.

demonstrate a pattern of misbehavior and that the failure to investigate and discipline officers in those incidents could establish a basis for municipal liability.

Defendants responded that they have provided information and copies of complaints and docket sheets concerning 13 civil actions filed against the City of St. Albans Police Department or its individual officers (including the instant case) filed in the last three years in the Circuit Court of Kanawha County or this federal court. However, at the hearing, Defendants argued that any internal investigatory or disciplinary files concerning officers other than the defendants named herein would not be relevant to this case and that they have produced everything related to the officers who are parties herein.

In *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), the Supreme Court established that a municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. *See also Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014). To prevail on a *Monell* claim:

> a plaintiff must point to a "persistent and widespread practice[] of municipal officials," the "duration and frequency" of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their "deliberate indifference." [*Spell v. McDaniel*, 824 F.2d 1380,] 1386-91 [4th Cir. 1987] (alterations omitted). Both knowledge and indifference can be inferred from the "extent" of employees' misconduct. *Id.* at 1391. * * * Under this theory of liability, a city violates § 1983 if municipal policymakers fail "to put a stop to or correct a widespread pattern of unconstitutional conduct." *Id.* at 1389.

*Owens,* 767 F.3d at 402-03.

As addressed in the district court's decision in *Spell*, "[u]nder § 1983, the extent of supervisors' knowledge of and participation in the acts of their subordinates determines the scope of their liability and *ipso facto* the municipality's liability." 591 F. Supp. at 1115. Whether supervisory officials were "grossly negligent or deliberately indifferent in failing

to provide adequate training, supervision and discipline to officers on the police force . . ." is "high[ly] relevant" to establish a claim of municipal liability. *Id.* Nonetheless, the Supreme Court has emphasized that district courts must temper a plaintiff's "temptation to seek unlimited discovery from municipal defendants in the mere hope of obtaining tidbits of information from which they can cobble together support for what were conclusory allegations of an impermissible municipal policy." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 340 (4th Cir. 1994). Thus, "district courts continue to have the wide discretion that they have traditionally enjoyed to deny indiscriminate, blanket requests for all files in a [municipality's] possession, which represent little more than fishing expeditions." *Id.*

The undersigned **FINDS** that Plaintiff's request for investigative or disciplinary files concerning civilian complaints against SAPD officers other than the defendants herein is relevant to Plaintiff's *Monell*-type claim against the City of St. Albans and the SAPD. However, to avoid a fishing expedition and to limit undue burden on the defense, this request shall be limited to any civilian complaints and any investigative or disciplinary files concerning any SAPD officer's conduct concerning vehicular pursuits and/or uses of physical force or use of a taser during an arrest for a traffic stop made during the three years prior to the incident involving Plaintiff [that is, between December 18, 2018 and December 18, 2021].[2] Accordingly, the undersigned overrules Defendants' objection and it is hereby **ORDERED** that Plaintiff's Motion to Compel (ECF No. 70) is

---

[2] Although Plaintiff also appears to be seeking information concerning incidents and investigations that have occurred to the present date, any conduct that post-dates the incident involving Plaintiff could not have resulted in the alleged violation of Plaintiff's constitutional rights and are, thus, not relevant to Plaintiff's claims.

**GRANTED** to that extent.  It is further **ORDERED** that Defendants shall supplement their discovery responses with any responsive information by **October 31, 2024**.

Plaintiff also stated that he is seeking all training materials, policies, and directives of the City of St. Albans (however, his written requests appear to specify these materials "in areas of excessive force, use of force, vehicular/motorcycle pursuit used during the time of this incident December 18th 2021.").  Defendants indicated that they have provided the training files for all currently named defendants, a training presentation concerning use of tasers, and the SAPD's policies concerning vehicular pursuits and use of force.  Although the parties indicated that Plaintiff had served a subsequent discovery request seeking all of the SAPD's policies and directives, the undersigned **FINDS** that such a request is overly broad and unduly burdensome and that the responses and information already provided by the Defendants appears to be relevant, responsive, and complete.  Thus, it is hereby **ORDERED** that Plaintiff's Motion to Compel (ECF No. 70) is otherwise **DENIED**.

The Clerk is directed to mail a copy of this Order and Notice to Plaintiff and to transmit a copy to counsel of record.

ENTER:    October 9, 2024

Dwane L. Tinsley
United States Magistrate Judge

5