UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JEREMY COLTON LIGHT,

    Plaintiff,

v.                                                                                                 CIVIL ACTION NO. 2:23-cv-00720

ST. ALBANS POLICE DEPARTMENT and
PATROLMAN C.A. BECKNER and
LIEUTENANT A.C. TRUITT and
PATROLMAN H.K. BURDETTE and
POLICE OFFICER ANDREW CABELL and
CITY OF ST. ALBANS,

    Defendants.

## ORDER

    Pending are Defendants' Motions for Summary Judgment [ECF 118], filed January 21, 2025, and Plaintiff's Motion for Summary Judgment [ECF 122], filed January 24, 2025. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on July 11, 2025. Magistrate Judge Tinsley recommended that the Court grant in part Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

    The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on July 28, 2025. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 134**], **DENIES** Plaintiff's Motion for Summary Judgment [**ECF 122**], and **GRANTS IN PART** Defendants' Motion for Summary Judgment [**ECF 118**], and **DISMISSES** the following:

1. Plaintiff's Fourth Amendment claim concerning the vehicle crash – Count I;
2. Plaintiff's 42 U.S.C. § 1985 and/or civil conspiracy claims – Count II;
3. Plaintiff's intentional infliction of emotional distress claim – Count III;
4. Plaintiff's negligence claim – Count IV;
5. Plaintiff's Fourteenth Amendment claims – Counts I and V;
6. Plaintiff's *Monell* claim against Defendant City of St. Albans – Count X; and
7. Plaintiff's supervisory liability claim against Defendant Truitt – Count XI.

Plaintiff is permitted to proceed to discovery with respect to his Fourth Amendment excessive force and failure to intervene claims against Defendants Beckner, Burdette, Cabell, and Truitt (Counts I and VII), and his companion assault and battery claims against those Defendants (Count VI). Furthermore, inasmuch as the parties' motions have not sufficiently addressed

Plaintiff's potential claims for negligent training and supervision (Counts VIII and IX), such claims may proceed to discovery. The matter is **REFERRED** anew to the Magistrate Judge for entry of a scheduling order and all further pretrial proceedings.

        The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

        ENTER:    August 7, 2025

*Frank W. Volk*
Frank W. Volk
Chief United States District Judge